IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.: 2020-CA-5859-O

BEVERLY BROSIUS,

    Plaintiff,

Date __6/8/20__ Time __1140m.__
Initials __ml__ ID # __101__

v.

HOME DEPOT U.S.A., INC., and TRICAM
INDUSTRIES, INC.

    Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, in the above-styled cause upon the Defendant:

**Home Depot U.S.A., Inc.**
**C/O Registered Agent - Corporation Service Company**
**1201 Hays Street, Tallahassee, FL 32301-2525**

    Each Defendant is hereby required to serve written defenses to said Complaint on JOSHUA D. MOORE, ESQUIRE, **Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS   my   hand   and   the   seal   of   this   Court   on   this   the   _____5_____   day   of
_____June_____, 2020.

**Tiffany Moore Russell**
Clerk of the Circuit Court

James R Stoner, Deputy
Clerk
By _2020-06-05 10:54:21_

As Deputy Clerk

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom

des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO,                     FLORIDA                     32802-4979**

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NO.:

BEVERLY BROSIUS,

     Plaintiff,

v.

HOME DEPOT U.S.A., INC., and TRICAM
INDUSTRIES, INC.

     Defendants.

_____/

## COMPLAINT

Plaintiff, BEVERLY BROSIUS, by and through undersigned counsel, hereby sues

Defendants, HOME DEPOT U.S.A., INC., and TRICAM INDUSTRIES, INC., and states:

## INTRODUCTION

1.     Plaintiff, Beverly Brosius ("Ms. Brosius") brings this action to recover for the serious,

permanent, and life-altering injuries she suffered and continues to suffer due to a defective and

unreasonably dangerous Gorilla 3-Step Steel Step Stool, model number GLS-3HD-2 ( "Subject

Ladder") that malfunctioned during the course of ordinary use. As a result of the Subject Ladder

failure, Ms. Brosius suffered a severe tibia plateau fracture, a dislocated knee, and multi-fractures of

her shin necessitating surgical intervention.

2.     Plaintiff Ms. Brosius sues Defendants, Home Depot U.S.A., Inc. ("Home Depot"), and

Tricam Industries, Inc. ("Tricam"), for their respective roles in designing, manufacturing, assembling,

producing, distributing, supplying, labeling, marketing, and selling the defective and unreasonably

dangerous Subject Ladder.

Page 1 of 14

3.      Through this lawsuit, Ms. Brosius seeks to recover for the injuries and damages she suffered and continues to suffer to this day, including but not limited to her physical injuries, medical and treatment costs, and all pain, suffering, mental anguish, and loss of enjoyment for life caused by the Defendants and their defective Subject Ladder.

## THE PARTIES

4.      Plaintiff Ms. Brosius was and at all materials times a resident of Maitland, Orange County, Florida.

5.      Defendant, Home Depot, is a foreign corporation incorporated under the laws of Delaware. Home Depot is authorized by the Florida Department of State to do business in Florida.

6.      Defendant, Home Depot, may be served with process on its registered agent: Corporation Service Company located at 1201 Hays Street, Tallahassee, FL 32301-2525.

7.      Defendant, Home Depot, is one of the world's largest home improvement retailers in the business of and derives profit from manufacturing, assembling, distributing, supplying, testing, inspecting, marketing, and/or selling a wide range of tools, construction products, home improvement products, and household consumer products, including various step stools and ladders.

8.      Defendant Home Depot designed, manufactured, assembled, distributed, supplied, tested, inspected, marketed, and/or sold the Subject Ladder.

9.      Defendant, Tricam, is a foreign corporation incorporated under the laws of Minnesota where it also maintains its principal place of business at 7677 Equitable Drive, Eden Prairie, MN 55344-3676.

10.     Defendant, Tricam, may be served with process on its Florida registered agent: Kaytie Brauning located at 1415 Panther Lane 246 Naples, FL 34109.

11.     Tricam is in the business of and derives profit from designing, engineering, manufacturing, assembling, distributing, supplying, testing, inspecting, marketing, and/or selling household consumer products including various step stools and ladders.

12.     Upon information and belief, "Gorilla Ladders" is a trademark of Defendant, Tricam, who sells "Gorilla" step stools and ladders exclusively in Home Depot retail stores through the United States, including throughout Florida.

13.     Tricam engineered, designed, manufactured, assembled, distributed, supplied, tested, inspected, marketed, and/or sold Subject Ladder.

## FACTS

14.     Sometime between late 2014 and early 2015, Ms. Brosius purchased the Subject Ladder, from Defendant Home Depot.

15.     Ms. Brosius is self-employed as a photographer and owner of Beverly Brosius Photographer.

16.     On September 14, 2017, Ms. Brosius was at her residence located at 212 Wood Lake Drive, Maitland, FL 32751 on the patio in the back of her house.

17.     Ms. Brosius had set up the subject ladder in the same manner as she had done countless times over the last few years, in accordance with the instructions and as intended.

18.     As Mr. Brosius was using the Subject Ladder in a normal and foreseeable manner, i.e. she was in the process of climbing it, the subject ladder suddenly and unexpectedly failed.

19.     As a result of the Subject Ladder's failure, it folded and collapsed onto Ms. Brosius, who sustained severe and debilitating injuries.

20.     Plaintiff's injuries were caused by the Subject Ladder's defective condition. Specifically the Subject Ladder was defective in at least the following ways:

a.   This Subject Ladder was designed and manufactured with excessive overhang of the steps which creates an unreasonable propensity for the ladder to fold up.

b.   The Subject Ladder as designed and manufactured has an unreasonable propensity to collapse and fold up when being used for its reasonably foreseeable and intended purpose;

c.   The Subject Ladder was designed and manufactured with a defective latch mechanism to lock the steps of the ladder, contrary to its marketing and advertising as "self-locking;" and

d.   The Subject Ladder did not come with adequate warnings or instructions advising consumers and users about the Subject Ladder's defective condition particularly with respect to the latching mechanism and the unreasonable propensity to fold up, despite the fact that it is marketed and advertised as "self-locking."

21.     The defects cited in Paragraph 20 of this Complaint rendered the Subject Ladder unreasonably dangerous beyond the contemplation and expectations of ordinary consumers, including Ms. Brosius.

22.     The risk of danger associated with engineering, designing, manufacturing, assembling, distributing, supplying, and selling the Subject Ladder as it was outweigh any real or perceived benefits. At the time the Subject Ladder was designed, manufactured, assembled, distributed, supplied, and sold, alternative designs and methods of manufacturing existed that would have resulted in a safer and more useful ladder with little to no increase in cost to Home Depot or Tricam.

23.     The defects cited in Paragraph 20 of this Complaint individually or in combination caused or contributed directly to cause or enhance Ms. Brosius's injuries and damages.

24.     Had none of the defects cited in Paragraph 20 of this Complaint been present in the Subject Ladder, Plaintiff's injuries and damages would have been avoided or reduced.

25.     The defects cited in Paragraph 20 of this Complaint were caused by Home Depot's and Tricam's strict liability, negligence, and other liability-producing misconduct.

26.     At the time Home Depot, and Tricam placed the Subject Ladder into the stream of commerce, they knew or reasonably should have known that the Subject Ladder was defective in the ways cited in Paragraph 20 of this Complaint and posed an unreasonable risk of injury to consumers and users.

27.     Notwithstanding their knowledge or notice that the Subject Ladder was defective and unreasonably dangerous, Home Depot and Tricam did nothing to warn or protect consumers, despite their ability to do so.

## JURISDICTION & VENUE

28.     This is an action for damages in excess of $15,000, exclusive of interest, costs, and attorney's fees.

29.     This Court is authorized to exercise personal jurisdiction over Defendant Home Depot pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Home Depot's:

    a.  Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

    b.  Committing a tortious act within Florida; or

    c.  Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Home

Depot was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, imported, distributed or manufactured by Home Depot anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

30.      This Court is authorized to exercise personal jurisdiction over Home Depot pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Home Depot is engaged in substantial and not isolated activity within Florida.

31.      This Court is authorized to exercise personal jurisdiction over Home Depot because Home Depot enjoys such numerous, continuous, significant, and systematic contacts with Florida that Home Depot may fairly be regarded as "at home" in Florida.

32.      This Court is authorized to exercise personal jurisdiction over Defendant Tricam pursuant to the Florida Long-Arm Statute, Fla. Stat. §§ 48.193(1)(a)(1), (1)(a)(2), and (1)(a)(6), because the causes of action stated herein arise out of Tricam's:

     a.    Operating, conducting, engaging in, or carrying on a business or business venture in Florida or having an office or agency in Florida;

     b.    Committing a tortious act within Florida; or

     c.    Causing injury to persons or property within Florida arising out of an act or omission committed outside Florida where, at or about the time of the injury, either (i) Tricam was engaged in solicitation or service activities within Florida, or (ii) products, materials, or things processed, serviced, imported, distributed or manufactured by Tricam anywhere were used or consumed in Florida in the ordinary course of commerce, trade, or use.

33.      This Court is authorized to exercise personal jurisdiction over Tricam pursuant to the Florida Long-Arm Statute, Fla. Stat. § 48.193(2), because Tricam is engaged in substantial and not isolated activity within Florida.

34.      Venue is proper in this Court because:

     a.    The incident occurred and the cause of action accrued in Maitland, Orange County, Florida;

b. This Court is authorized to exercise personal jurisdiction over Home Depot and Tricam;

c. Home Depot maintains agents, representatives and offices in Orange County, Florida.

## CONDITIONS PRECEDENT

35. All conditions precedent have been satisfied or excused.

## COUNT I – STRICT LIABILITY
### (Against Home Depot)

36. Plaintiff re-alleges and incorporates Paragraphs 1 through 35 of this Complaint as if restated verbatim herein.

37. Home Depot manufactured, assembled, distributed, supplied, and/or sold the Subject Ladder.

38. Home Depot placed the Subject Ladder into the stream of commerce.

39. Home Depot intended for consumers like Ms. Brosius to purchase and use the Subject Ladder.

40. Ms. Brosius used the Subject Ladder for its intended or foreseeable use

41. The Subject Ladder is defective in its design, manufacture, and warning.

42. The Subject Ladder's defects, whether individually or in combination, rendered the Subject Ladder unreasonably dangerous beyond the contemplation and expectation of ordinary consumers.

43. The risk of danger associated with designing and manufacturing the Subject Ladder as it was outweigh any real or perceived benefits.

44. At the time the Subject Ladder was designed and manufactured, alternative designs and methods of manufacturing existed that would have resulted in a safer and more useful Subject Ladder with little to no increase in cost to Home Depot.

45.     Home Depot knew or reasonably should have known that Ms. Brosius would use the Subject Ladder without knowing of or inspecting for the Subject Ladder's defective condition.

46.     The Subject Ladder left Home Depot's possession and control with the defects alleged in this Complaint, and the Subject Ladder remained in this defective and unreasonably dangerous condition until and throughout the incident giving rise to this lawsuit.

47.     At all times material hereto, the Subject Ladder remained substantially unchanged from its designed and manufactured condition.

48.     The Subject Ladder's defective condition directly and proximately caused injury and damage to Ms. Brosius.

**WHEREFORE**, Plaintiff, BEVERLY BROSIUS, demands judgment against Defendant, HOME DEPOT U.S.A., INC., for all injuries and damages she sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE
### (Against Home Depot)

49.     Plaintiff re-alleges and incorporates Paragraphs 1 through 35 of this Complaint as if stated verbatim herein.

50.     Home Depot manufactured, assembled, distributed, supplied, and/or sold the Subject Ladder.

51.     Home Depot placed the Subject Ladder into the stream of commerce.

52.     Home Depot intended or reasonably foresaw that Ms. Brosius would use the Subject

Ladder.

53. Ms. Brosius used the Subject Ladder for its intended or foreseeable use.

54. Home Depot owed the following duties to Ms. Brosius:

   a. To manufacture, assemble, distribute, supply, and/or sell the Subject Ladder in a condition that was not defective or unreasonably dangerous to consumers and users;

   b. To provide adequate warnings and instructions with the Subject Ladder advising consumers and users about the proper use of the Subject Ladder, about the Subject Ladder's defective condition(s), and about how to avoid being injured by the Subject Ladder's defects; and

   c. To adequately test, inspect, and ensure the quality of the Subject Ladder before distributing and selling the Subject Ladder to consumers.

55. Home Depot breached its duties by:

   a. Manufacturing, assembling, distributing, supplying, and/or selling the Subject Ladder in a defective and unreasonably dangerous condition;

   b. Failing to provide adequate warnings and instructions with the Subject Ladder advising consumers and users about the proper use of the Subject Ladder, about the Subject Ladder 's defective condition(s), and about how to avoid being injured by the Subject Ladder's defects; and

   c. Failing to adequately test, inspect, and ensure the quality of the Subject Ladder before distributing and selling the Subject Ladder to consumers.

56. Home Depot knew or reasonably should have known that Ms. Brosius would use the Subject Ladder without knowing of or inspecting for the defects alleged herein.

57. Home Depot knew or reasonably should have known that Ms. Brosius would suffer injury and damage due to the Subject Ladder's defective and unreasonably dangerous condition.

58. At no time did Home Depot take action to remedy the Subject Ladder's defective and unreasonably dangerous condition or warn consumers about the Subject Ladder's defective and unreasonably dangerous condition, despite Home Depot's knowledge of these facts and ability to take action.

59.     Home Depot's breaches of the duties it owed to Ms. Brosius actually and proximately caused injury and damage to Ms. Brosius.

**WHEREFORE**, Plaintiff, BEVERLY BROSIUS, demands judgment against Defendant, HOME DEPOT U.S.A, INC., for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT III
## STRICT LIABILITY
### (Against Tricam)

60.     Plaintiff re-alleges and incorporates Paragraphs 1 through 35 of this Complaint as if restated verbatim herein.

61.     Tricam designed, engineered, manufactured, imported, distributed, supplied, and ultimately placed the Subject Ladder into the stream of commerce.

62.     Tricam intended for consumers like Ms. Brosius to purchase and use the Subject Ladder.

63.     Ms. Brosius used the Subject Ladder for its intended or foreseeable use.

64.     The Subject Ladder is defective in its design, manufacture, and instructions/warnings.

65.     The Subject Ladder was defective and unreasonably dangerous to ultimate users, operators or consumers, including Ms. Brosius, when sold and distributed by Tricam because of manufacturing, design, and inspection defects, including the following:

   a.  The Subject Ladder was manufactured in such a manner so that it had an unreasonable propensity to fail or collapse during normal operating conditions; and

      b.   The Subject Ladder failed to perform as a reasonable consumer would expect under foreseeable operating conditions.

66.    The Subject Ladder's defects, whether individually or in combination, rendered the Subject Ladder unreasonably dangerous for intended or foreseeable use.

67.    The risk of danger associated with engineering, designing, and manufacturing the Subject Ladder as it was outweigh any real or perceived benefits.

68.    At the time the Subject Ladder was engineered, designed, and manufactured, alternative designs and methods of manufacturing existed that would have resulted in a safer and more useful ladder with little to no increase in cost to Tricam.

69.    Tricam knew or reasonably should have known that Ms. Brosius would use the Subject Ladder without knowing of or inspecting for the Subject Ladder's defective condition.

70.    The Subject Ladder left Tricam's possession and control with the defects Ms. Brosius alleges, and the Subject Ladder remained in this defective and unreasonably dangerous condition up until and throughout the events giving rise to Ms. Brosius's injuries and damages.

71.    At all times material hereto, the Subject Ladder remained substantially unchanged from its designed and manufactured condition.

72.    The Subject Ladder's defective condition directly and proximately caused injury and damage to Ms. Brosius.

73.    As a direct and proximate result of the foregoing, Mr. Broisus sustained serious bodily injuries, resulting in pain and suffering, impairment, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment and lost wages.

**WHEREFORE**, Plaintiff, BEVERLY BROSIUS, demands judgment against Defendant, TRICAM INDUSTRIES, INC., for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT IV – NEGLIGENCE
### (Against TRICAM)

74.     Plaintiff re-alleges and incorporates Paragraphs 1 through 35 of this Complaint as if restated verbatim herein.

75.     Tricam designed, engineered, manufactured, imported, distributed, supplied, and ultimately placed the Subject Ladder into the stream of commerce.

76.     Tricam intended for consumers like Mr. Broisus to purchase and use the Subject Ladder.

77.     Tricam owed the following duties to Ms. Brosius:

  a.  To manufacture, design, engineer, assemble, distribute, supply, and/or sell the Subject Ladder in a condition that was not defective or unreasonably dangerous to consumers and users;

  b.  To provide adequate warnings and instructions with the Subject Ladder advising consumers and users about the proper use of the Subject Ladder, about the Subject Ladder's defective condition(s), and about how to avoid being injured by the Subject Ladder's defects; and

  c.  To adequately test, inspect, and ensure the quality of the Subject Ladder before distributing and selling the Subject Ladder to consumers.

78.     Tricam breached its duties by:

  a.  Manufacturing, engineering, designing, assembling, distributing, supplying, and/or selling the Subject Ladder in a defective and unreasonably dangerous condition;

Page 12 of 14

b. Failing to provide adequate warnings and instructions with the Subject Ladder advising consumers and users about the proper use of the Subject Ladder, about the Subject Ladder 's defective condition(s), and about how to avoid being injured by the Subject Ladder's defects; and

c. Failing to adequately test, inspect, and ensure the quality of the Subject Ladder before distributing and selling the Subject Ladder to consumers.

79.     Tricam knew or reasonably should have known that Ms. Brosius would use the Subject Ladder without knowing of or inspecting for the defects alleged herein.

80.     Tricam knew or reasonably should have known that the Subject Ladder would cause injury to consumers like Mr. Broisus as a result of the Subject Ladder's defective and unreasonably dangerous condition.

81.     At no time did Tricam take action to remedy the Subject Ladder's defective and unreasonably dangerous condition or warn consumers about its negligent design, engineer, manufacture, import, distribution, and/or sale of the Subject Ladder, despite Tricam's ability to do so.

82.     Tricam's breaches of the duties it owed to Mr. Broisus actually and proximately caused or contributed to cause Mr. Broisus's injuries and damages.

**WHEREFORE,** Plaintiff, BEVERLY BROSIUS, demands judgment against Defendant, TRICAM INDUSTRIES, INC., for all injuries and damages he sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial on all issues so triable.

**WHEREFORE,** Plaintiff, BEVERLY BROSIUS, prays that upon final judgment, and that they have and recover: trial by jury which is hereby demanded; judgment against Defendants, HOME DEPOT U.S.A., INC., and TRICAM INDUSTRIES, INC., pre-judgment interest as allowed by law; post-judgment interest as allowed by law; actual damages; cost of suit; and such other relief, at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted this 29 May 2020

/s/ Joshua D. Moore, Esq.
**JOSHUA D. MOORE, ESQ.**
Florida Bar No.: 0041680
Morgan & Morgan, P.A.
20 North Orange Avenue, 14th Floor
Orlando, FL 32802-4979
Telephone Phone:  (407) 420-1414
*Attorney for Plaintiff Beverly Brosius*

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>  COUNTY, FLORIDA

Case No.:_____
Judge:_____

<u>Beverly Brosuis</u>
Plaintiff
          vs.
<u>Home Depot USA Inc, Tricam Industries Inc</u>
Defendant

---

**II.    AMOUNT OF CLAIM**
    Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,001</u>

**III.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☒ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions
- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

- ☐ County Civil
    - ☐ Small Claims up to $8,000
    - ☐ Civil
    - ☐ Replevins
    - ☐ Evictions
    - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**   **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

**V.**   **NUMBER OF CAUSES OF ACTION:**
(Specify)

4

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ Yes
☒ No

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ Yes
☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   _s/ Joshua D Moore_
Attorney or party
FL Bar No.:  _41680_
(Bar number, if attorney)
_Joshua D Moore_
(Type or print name)
Date:   _06/05/2020_